1  Dale C. Campbell, California State Bar Number 99173
   dcampbell@weintraub.com
2  Giles G. Judd, Jr., California State Bar No. 318346
   gjudd@weintraub.com
3  WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN
   Law Corporation
4  400 Capitol Mall, 11th Floor
   Sacramento, California   95814
5  Telephone:   916.558.6000
   Facsimile:   916.446.1611
6
7  Jonathon D. Townsend, California State Bar Number 293918
   Jonathon.townsend@wbd-us.com
8  WOMBLE BOND DICKINSON (US) LLP
   555 Fayetteville Street, Suite 1100
9  Raleigh, North Carolina   27601
   Telephone:   919.755.2175
10 Facsimile:   919.755.6173

11 Attorneys for Defendant Motorola Mobility, LLC

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14

15 ANDREW ROACH, an individual,          )  Case No.
                                         )
16             Plaintiff,                 )
                                         )  NOTICE OF REMOVAL
17      v.                               )
                                         )
18 MOTOROLA MOBILITY, LLC, a DELAWARE    )
   limited liability company; and DOES 1-20, )
19 inclusive,                            )
                                         )
20             Defendants.               )
                                         )
21                                       )
                                         )
22

23      TO THE CLERK OF THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF

24 RECORD:

25      PLEASE TAKE NOTICE that defendant Motorola Mobility, LLC ("Motorola") hereby

26 removes to this Court the action described below.

27      1.      On or about October 28, 2018, plaintiff Andrew Roach ("Plaintiff") filed a civil

28 lawsuit against Motorola in the Superior Court for the State of California, County of

weintraub tobin chediak coleman grodin
LAW CORPORATION

1   Los Angeles, styled *Andrew Roach v. Motorola Mobility, LLC*, Case No. 18-STCV-02506 (the

2   "State Court Action").  A copy of the complaint is attached hereto as **Exhibit A**.

3       2.      On November 2, 2018, Plaintiff served a copy of the summons and complaint

4   on Motorola.  A copy of the summons is attached hereto as **Exhibit B**.

5       3.      The complaint did not state the amount of damages sought by Plaintiff, nor was

6   the amount in controversy ascertainable from the face of the complaint.

7       4.      Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this

8   action by reason of diversity of citizenship and the amount in controversy exceeding the sum of

9   $75,000, exclusive of interest and costs, to be shown as follows:

10          a.      Plaintiff is a citizen of the State of California;

11          b.      Motorola is a Delaware limited liability company, and no member of

12   Motorola is a citizen of the State of California; and

13          c.      The matter in controversy exceeds the sum or value of $75,000, exclusive

14   of interest and costs.  Plaintiff has alleged two state law claims and seeks actual, punitive, and

15   statutory damages, attorneys' fees and costs, and the profits attributable to Motorola's alleged

16   unauthorized use of Plaintiff's likeness.  On February 5, 2019, Plaintiff's counsel emailed a

17   settlement demand to Motorola demanding $250,000 to settle this case.  According to

18   Plaintiff, this amount is a reasonable estimate of his claim based on legal precedent and

19   Plaintiff's potential recovery for emotional distress, economic harm, punitive damages and

20   attorneys' fees.

21      5.      Motorola timely filed this Notice of Removal because the face of the complaint

22   did not state the amount in controversy and Motorola filed this Notice of Removal within

23   30 days of receiving Plaintiff's demand letter.  *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated

24   by the initial pleading is not removable, a notice of removal may be filed within 30 days after

25   receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

26   motion, order or other paper from which it may first be ascertained that the case is one which

27   is or has become removable."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir.

28   2010) ("We have held that a demand letter sent during the course of the state court action can

**weintraub tobin** chediak coleman grodin
LAW CORPORATION

constitute "other paper" within the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim.")

6.  Promptly after filing this Notice of Removal, Motorola will give written notice of the removal to Plaintiff through his attorneys of record in the State Court Action and to the Clerk of the Superior Court for the State of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

7.  As required by 28 U.S.C. 1446(a), the following documents filed in the State Court Action are attached hereto:

- **Exhibit A:** Complaint
- **Exhibit B:** Summons served on Motorola
- **Exhibit C:** Civil Case Cover Sheet
- **Exhibit D:** Notice of Case Assignment
- **Exhibit E:** Proof of Service of Summons
- **Exhibit F:** Notice of Case Management Conference
- **Exhibit G:** Order to Show Cause Failure to File Proof of Service
- **Exhibit H:** Notice of Case Reassignment and Order for Plaintiff to Give Notice
- **Exhibit I:** Motorola's Answer to the Complaint

8.  By filing this Notice of Removal, Motorola does not waive, and hereby expressly reserves, the right to assert any defense available to it.

Dated: February 8, 2019          Respectfully submitted,

                                 **WEINTRAUB TOBIN** CHEDIAK COLEMAN GRODIN
                                 Law Corporation

                                 By:___/s/ Dale C. Campbell_____
                                        Dale C. Campbell
                                        California State Bar No. 99173

                                 Attorneys for Defendant Motorola Mobility, LLC

*EXHIBIT "A"*

1   Neville L. Johnson (SBN 66329)
2   Douglas L. Johnson (SBN 209216)
    Ronald P. Funnell (SBN 209897)
3   Arun Dayalan (SBN 225255)
    JOHNSON & JOHNSON LLP
4   439 North Canon Drive, Suite 200
    Beverly Hills, California 90210
5   Telephone:   (310) 975-1080
    Facsimile:   (310) 975-1095
6   Email: njohnson@jjllplaw.com
7        · djohnson@jjllplaw.com
         rfunnell@jjllplaw.com
8        adayalan@jjllplaw.com

9   Bassil A. Hamideh (SBN 261233)
10  THE HAMIDEH FIRM, P.C.
    1801 Century Park East, Suite 2400
11  Los Angeles, California 90067
    Telephone:   (310) 556-9687
12  Facsimile:   (310) 733-5699
    Email: bhamideh@hamidehfirm.com
13

14  *Attorneys for Plaintiff*
    Andrew Roach
15

16  SUPERIOR COURT FOR THE STATE OF CALIFORNIA
    COUNTY OF LOS ANGELES
17

18  ANDREW ROACH, an individual,          Case No.:

19      Plaintiff,                         COMPLAINT FOR:
20      vs.
                                           1. COMMON LAW MISAPPROPRIATION
21  MOTOROLA MOBILITY, LLC., a                OF LIKENESS; and
    DELAWARE corporation; and             2. VIOLATION OF CALIFORNIA CIVIL
22  DOES 1-20, inclusive, .                   CODE §3344 (STATUTORY
                                           ¹  MISAPPROPRIATION OF LIKENESS)
23      Defendants.
24
25                                         DEMAND FOR JURY TRIAL
26
27
28                                                                COPY

COMPLAINT

1      Plaintiff alleges on information and belief as follows:

2      1.      Plaintiff Andrew Roach ("Plaintiff") is, and at all relevant times was, an
3  individual who resides in the County of Los Angeles.

4      2.      On information and belief, Defendant Motorola Mobility, LLC. ("Motorola"
5  or "Defendant"), is and at all relevant times was, a corporation organized under the laws
6  of the State of Delaware and does substantial business in the County of Los Angeles.

7      3.      Defendants Does 1 through 20 are sued herein by fictitious names for the
8  reason that their true names are unknown to Plaintiff. Plaintiff will seek leave to amend
9  this complaint to allege the true names and capacities of these Defendants when the same
10  have been ascertained. Plaintiff is informed and believes and based thereon alleges that
11  these fictitiously named Defendants are responsible in some manner for the actions and
12  damages alleged herein.

13      4.      Plaintiff is further informed and believes and based thereon alleges that
14  Defendants at all times herein were the agents, employees, servants, joint venturers,
15  and/or co-conspirators of each of the other remaining Defendants, and that in doing things
16  herein alleged were acting in the course and scope of such agency, employment, joint
17  venture, and/or conspiracy.

18      5.      Plaintiff is further informed and believes and based thereon alleges that the
19  acts and conduct herein alleged of each such Defendant were known to, authorized by,
20  directed by, and/or ratified by the other Defendants, and each of them and the officers,
21  directors and/or managing agents of Motorola and that they acted in conspiracy with each
22  other so all of said Defendants are jointly and severally liable to Plaintiff hereunder.

23  ///

24  ///

25  ///

26  ///

27  ///

28

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6.    Plaintiff is an active model whose image is featured in many television commercials and print advertisements throughout the world. The use of Plaintiff's image has significant commercial value.

7.    Motorola is a company that sells mobile telecommunication devices and other technology throughout the world, including throughout Los Angeles County.

8.    In or about March 2016, Motorola hired Plaintiff through Los York, LP ("Los York") to be photographed in Los Angeles for Motorola's commercial purposes. Motorola through Los York entered into an agreement to use Plaintiff's image for commercial purposes in connection with the marketing of Motorola's mobile device(s) for no more than a one-year period. The terms of this agreement were negotiated in Los Angeles, California. Any additional usage was subject to further negotiation directly with Plaintiff. Motorola's marketing materials containing Plaintiff's image were shot in Los Angeles, California over two days in March 2016. Motorola then displayed Plaintiff's image to the public for its commercial purposes beginning in or about May 2016.

9.    In or about April 2017, as the expiration date for the one-year agreement was approaching, Plaintiff contacted Los York to inform them that the expiration of the agreement allowing Motorola to use Plaintiff's image for a commercial purpose was soon coming to an end. Los York then notified Plaintiff that Motorola was declining to negotiate an additional license to use Plaintiff's image and that Motorola's use of Plaintiff's image would cease before the expiration of the term.

10.    On or about May 17, 2017, the agreement between Motorola and Plaintiff expired. Motorola continued to use Plaintiff's image without any legal right to do so and without Plaintiff's consent for its commercial purposes even though it promised to terminate such use before the expiration of the term.

11.    After the expiration of the agreement on May 17, 2017, Motorola did not have authorization, consent, or a license to use Plaintiff's image in any manner

1

2      whatsoever, including for the promotion, marketing and advertising of its goods and
       services.
3
4          12.     After the expiration of the license on May 17, 2017, Motorola never reached
       out to Plaintiff to obtain his consent or authorization for the use of his image and likeness.
5
6          13.     Motorola has used and re-used, published and re-published Plaintiff's
       images since expiration of the license without Plaintiff's consent for the purposes of
7
       advertising and promoting its products. Motorola extensively used Plaintiff's image and
8
       photographs, without Plaintiff's consent, for advertising and commercial gain.
9
           14.     In each instance where the unauthorized uses occurred, Motorola made a
10
       conscious, deliberate choice to continue, renew, and/or expand the commercial uses of
11     Plaintiff's image and/or likeness.
12
                                      **FIRST CAUSE OF ACTION**
13
                        **COMMON LAW MISAPPRORPIATION OF LIKENESS**
14
                                        **(Against All Defendants)**
15
           15.     All previous allegations are re-alleged and incorporated herein by reference.
16
           16.     Motorola used Plaintiff's image to promote, market, and advertise its goods
17
       and services without Plaintiff's authorization or consent.  Motorola specifically used
18
       Plaintiff's images to promote, market and advertise mobile devices.
19
           17.     Motorola did not have a license, authorization, or consent to use Plaintiff's
20
       image in any manner after expiration of the original agreement.
21
           18.     Motorola's knowing use of Plaintiff's image to promote its products was to
22     Motorola's commercial or other benefit.
23
           19.     As a proximate result of the foregoing, Plaintiff has suffered actual
24
       damages, including emotional distress damages, in an amount to be proved at trial but in
25     any event in excess of the jurisdictional threshold of the Superior Court.  In addition,
26     Motorola has been unjustly enriched by its use of Plaintiff's image.  Therefore, Plaintiff
27     seeks disgorgement of profits and/or imposition of a constructive trust on the monies
28

1
2
obtained by Motorola from the unauthorized use.

20.     Motorola knew that it needed a license to use Plaintiff's image. Motorola
3
had a license and permitted it to expire. Motorola knew that it did not have a license and
4
did not make any attempt to notify Plaintiff that his image would continue to be used.
5
Instead, Motorola intentionally used the images without consent. As such, Motorola's
6
conduct as described herein was done with a conscious disregard of Plaintiff's rights, with
7
the intent to vex, annoy, and/or harass Plaintiff and to unjustly profit from the use of
8
Plaintiff's image. Such conduct was unauthorized and constitutes oppression, fraud,
9
and/or malice under California Civil Code § 3294, entitling Plaintiff to an award of
10
punitive damages in an amount appropriate to punish or set an example of Motorola in an
11
amount to be determined at trial.
12

### SECOND CAUSE OF ACTION

13

### VIOLATION OF CIVIL CODE § 3344

14
(Against All Defendants)
15
21.     All previous allegations are re-alleged and incorporated herein by reference.
16
22.     Motorola knowingly used Plaintiff's image to promote, market, and
17
advertise its goods and/or services, specifically mobile devices, without Plaintiff's
18
authorization or consent.
19
23.     Motorola knowingly used Plaintiff's images to its commercial or other
20
benefit.
21
24.     As a proximate result of the foregoing, Plaintiff has suffered actual
22
damages, including emotional distress damages, in an amount according to proof at trial
23
but in any event in excess of the jurisdictional threshold of the Superior Court.
24
25.     As a proximate result of the foregoing, Plaintiff also seeks as damages any
25
profits from Motorola's unauthorized use of Plaintiff's images that are attributable to the
26
use.
27
26.     Motorola knew that it needed a license to use Plaintiff's image. Motorola
28

4
COMPLAINT

1   had a license and permitted it to expire. Motorola was put on notice by Plaintiff that
2   Plaintiff would not let his images be used without consent. Motorola knew that it did not
3
    have a license and did not make any attempt to notify Plaintiff that his image would
4
    continue to be used. Despite this knowledge, Motorola intentionally used the images
5
    without Plaintiff's knowledge or consent. As such, Motorola's conduct as described
6
    herein was done with a conscious disregard of Plaintiff's rights, with the intent to vex,
7
    annoy, and/or harass Plaintiff and to unjustly profit from the use of Plaintiff's image.
8
    Such conduct was unauthorized and constitutes oppression, fraud, and/or malice under
9
    California Civil Code §3294, entitling Plaintiff to an award of punitive damages in an
10
    amount appropriate to punish or set an example of Motorola in an amount to be
11
    determined at trial.
12
        27.    Plaintiff also seeks an award of attorneys' fees and costs pursuant to Civil
13
    Code § 3344(a).
14
                              **PRAYER FOR RELIEF**
15
        Plaintiff prays for judgment against Motorola, and each of the other Doe
16
    defendants, as follows:
17
    On the First Cause of Action:
18
        1.  For actual damages
19
        2.  For punitive damages
20
        3.  For a constructive trust
21
    On the Second Cause of Action:
22
        1.  For actual damages
23
        2.  For punitive damages
24
        3.  For statutory damages
25
        4.  For attorneys' fees and costs
26
        5.  For Defendant's profits attributable to the unauthorized use
27
    ///
28

                              5

On all Causes of Action:

1. For a constructive trust

2. For pre-judgment interest

3. For costs of suit

4. For such other legal and equitable relief as the Court may deem proper under the circumstances.

DATED:  October 25, 2018                           JOHNSON & JOHNSON LLP

                                                By _____
                                                    Douglas L. Johnson
                                                    Arun Dayalan
                                                    *Attorneys for Plaintiff*
                                                    Andrew Roach


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:  October 25, 2018                           JOHNSON & JOHNSON LLP

                                                By _____
                                                    Douglas L. Johnson
                                                    Arun Dayalan
                                                    *Attorneys for Plaintiff*
                                                    Andrew Roach

*EXHIBIT "B"*

11/2/18  1:55p

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MOTOROLA MOBILITY, LLC., a DELAWARE corporation; and
DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANDREW ROACH, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 26 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Judi Lara, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

**CASE NUMBER**
*(Número del Caso):* **18STCV02506**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Neville L. Johnson, Johnson & Johnson LLP, 439 N. Canon Dr., Suite 200, Beverly Hills Ca 90210

| DATE: OCT 26 2018 | SHERRI R. CARTER Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Motorola Mobility, LLC

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [X] by personal delivery on *(date):* 11/2/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Neville L. Johnson (SBN 66329) / Douglas L. Johnson 209216<br>Ronald P. Funnell (SBN 209897) / Arun Dayalan (SBN 225255)<br>Johnson & Johnson LLP<br>439 North Canon Drive, Suite 200, Beverly Hills, California 90210<br>TELEPHONE NO.: (310) 975-1080    FAX NO.: (310) 975-1095<br>ATTORNEY FOR *(Name):* Plaintiff, Andrew Roach | FOR COURT USE ONLY<br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 26 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By: Judi Lara, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| CASE NAME:<br>Roach v. Motorola Mobility, LLC. |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER<br>**18STCV02506** |
|---|---|---|
| ☑ Unlimited     ☐ Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 26, 2018

Arun Dayalan

_____      ▶      _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Roach v. Motorola Mobility, LLC. | CASE NUMBER 18STCV02506 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4



| SHORT TITLE: | Roach v. Motorola Mobility, LLC. | | CASE NUMBER | |
|---|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Roach v. Motorola Mobility, LLC. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort . | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Roach v. Motorola Mobility, LLC. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>15025 Burbank Blvd. #2 |
|---|---|
| CITY:<br>Sherman Oaks | STATE:<br>CA | ZIP CODE:<br>91411 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 26, 2018

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

*EXHIBIT "D"*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/26/2018**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Judi Lara _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>**18STCV02506** |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Samantha  Jessner | 31 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 10/26/2018
    (Date)

By Judi Lara , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and Address)<br>NEVILLE L. JOHNSON, (SBN 66329)<br>DOUGLAS L. JOHNSON, (SBN 209216)<br>ARUN DAYALAN, (SBN 225255)<br>RONALD P. FUNNELL, (SBN 209897)<br>JOHNSON & JOHNSON LLP<br>439 N. CANON DRIVE, SUITE 200<br>BEVERLY HILLS, CA 90210 | FOR COURT USE ONLY<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 08 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By _____ Deputy<br>Paul Sanchez |
|---|---|

TELEPHONE NO.: (310) 975-1080       FAX NO. (Optional):
E-MAIL ADDRESS (Optional) :
ATTORNEY FOR (Name): PLAINTIFF ANDREW ROACH

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL ST.
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF/PETITIONER: ANDREW ROACH, AN INDIVIDUAL | CASE NUMBER: **18STCV02506** |
|---|---|
| DEFENDANT/RESPONDENT: MOTOROLA MOBILITY, LLC., ET AL. | D.31 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1068111JS |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of :
   - a.☒ Summons
   - b.☒ Complaint
   - c ☒ Alternative Dispute Resolution (ADR) package
   - d ☒ Civil Case Cover Sheet *(served in complex cases only)*
   - e ☐ cross-complaint
   - f. ☒ other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

3. a. Party served: *(specify name of party as shown on documents served):*
      MOTOROLA MOBILITY, LLC
   b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
      REGISTERED AGENT, CT CORPORATION SYSTEM, BY SERVING ALBERT DAMONTE, PROCESS SPECIALIST
4. Address where the party was served: 818 W. 7TH ST., STE. 930
      LOS ANGELES, CA 90017
5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* NOVEMBER 2, 2018   (2) at: *(time)* 1:55 PM

   b. ☐ **by substituted service.** On *(date):*       at: *(time)*       . I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3):*
      - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):*       *(city):*       or ☐ a declaration of mailing is attached.

Page 1 of 2

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLANTIFF/PETITIONER: ANDREW ROACH, AN INDIVIDUAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MOTOROLA MOBILITY, LLC., ET AL. | **18STCV02506** |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) (date):              (1) (city):
    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)
    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (specify means of service and authorizing code section):
    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☐ as an individual defendant
    b. ☐ as the person sued under the fictitious name of (specify):
    c. ☒ on behalf of (specify): MOTOROLA MOBILITY, LLC
        under the following Code of Civil Procedure section:
        ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                ☒ other:LLC

7. **Person who served papers**
    a. Name: MARIO LOPEZ
    b. Address: **800 W. 1ST STREET, SUITE 200-B**
        **LOS ANGELES, CALIFORNIA 90012**
    c. Telephone number: **(213) 607-9000**
    d. The fee for service was: $
    e. I am:                       **USA Legal Network**
        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒ registered California process server:
            (i) ☐ owner ☐ Employee ☒ independent contractor.
            (ii) ☒ Registration No.:5986
            (iii) ☒ County: LOS ANGELES

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    Or
9. ☐ I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: NOVEMBER 5, 2018

MARIO LOPEZ

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)

                                  (SIGNATURE)

Page 2 of 2



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
**Stanley Mosk Courthouse**
**111 North Hill Street, Los Angeles, CA 90012**

PLAINTIFF:
Andrew Roach

DEFENDANT:
Motorola Mobility, LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
**11/20/2018**
Sherri R. Carter, Executive Officer / Clerk of Court
By: ____ Ramon Manzo ____ Deputy

CASE NUMBER:
18STCV02506

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 02/25/2019 | Time: 8:30 AM | Dept.: 31 |

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 11/20/18

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Neville Lawrence Johnson
439 N Canon Dr #200
Beverly Hills, CA 90210

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/20/2018

By Ramon Manzo
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

**11/20/2018**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Ramon Manzo _____ Deputy

PLAINTIFF(S):

Andrew Roach

DEFENDANT(S):

Motorola Mobility, LLC

| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>18STCV02506 |
|---|---|

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>02/25/2019</u> at <u>8:30 AM</u> in department <u>31</u> of this court, <u>Stanley Mosk Courthouse</u>                                        ,
and show cause why sanctions should not be imposed for:

[✓]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.



**Samantha P. Jessner**

Dated: <u>11/20/2018</u>

Samantha Jessner / Judge

Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/20/2018** |
| PLAINTIFF/PETITIONER:<br>Andrew Roach | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Ramon Manzo _____ Deputy |
| DEFENDANT/RESPONDENT:<br>Motorola Mobility, LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>18STCV02506 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Neville Lawrence Johnson
Johnson & Johnson LLP
439 N Canon Dr #200
Beverly Hills, CA 90210


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/20/2018        By:  Ramon Manzo
                              Deputy Clerk


**CERTIFICATE OF MAILING**



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
**12/24/2018**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Deputy

Catherine Crow

PLAINTIFF(S):

Andrew Roach

DEFENDANT(S):

Motorola Mobility, LLC

| **NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Dates Remain)** | CASE NUMBER: 18STCV02506 |
|---|---|

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective 01/02/2019            , an order was made that the above-entitled action, previously assigned to Samantha Jessner                                    ,

is now and shall be assigned to Yolanda Orozco

as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department    31    at Stanley Mosk Courthouse                                       .

(See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case will remain set on the dates previously noticed, in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/24/2018             By Catherine Crow

Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Dates Remain)**

(Proposed LACIV 252)
LASC Approved 00-00

Local Rules Chapter 3

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/24/2018** |
| PLAINTIFF/PETITIONER:<br>Andrew Roach | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Deputy<br>Catherine Crow |
| DEFENDANT/RESPONDENT:<br>Motorola Mobility, LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>18STCV02506 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order for Plaintiff to Give Notice upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Neville Lawrence Johnson
Johnson & Johnson LLP
439 N Canon Dr #200
Beverly Hills, CA 90210

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/24/2018

By: Catherine Crow
Deputy Clerk

**CERTIFICATE OF MAILING**



Jonathon D. Townsend, California State Bar Number 293918
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: 919.755.2175
Facsimile: 919.755.6173

Dale C. Campbell, State Bar Number 99173
Giles G. Judd Jr., State Bar No. 318346
**WEINTRAUB TOBIN** CHEDIAK COLEMAN GRODIN
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone: 916.558.6000
Facsimile: 916.446.1611

Attorneys for Defendant Motorola Mobility, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ANDREW ROACH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY, LLC, a DELAWARE corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 18STCV02506<br><br>**ANSWER OF DEFENDANT MOTOROLA MOBILITY, LLC TO COMPLAINT**<br><br>Dept: 31, The Honorable Yolanda Orozco, Judge for All Purposes<br><br>Complaint filed: October 26, 2018 |

Defendant Motorola Mobility, LLC ("Defendant") hereby answers the Complaint of plaintiff Andrew Roach ("Plaintiff"), and alleges as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30, Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint, including the causes of action therein, and further denies that Plaintiff is entitled to any of the relief requested in the Complaint, including damages, in any amount or at all, from Defendant.

{2536160.DOC;}

1

Answer of Defendant Motorola Mobility, LLC
to Plaintiff's Complaint

**weintraub tobin** chediak coleman grodin
LAW CORPORATION

1

## AFFIRMATIVE DEFENSES

2      As separate and distinct defenses to the causes of action set forth in the Complaint, and

3   without assuming any additional burden of proof or production, Defendant alleges the

4   following affirmative defenses:

5

### FIRST AFFIRMATIVE DEFENSE

6

#### (Failure to State a Cause of Action)

7      Defendant alleges that the Complaint, and each and every purported cause of action

8   contained therein, fails to state any claim upon which relief can be granted.

9

### SECOND AFFIRMATIVE DEFENSE

10

#### (Mitigation of Damages)

11      As a defense to each and every cause of action in the Complaint, Defendant alleges

12   that Plaintiff failed to mitigate any damages that Plaintiff contends he sustained and is therefore

13   barred from recovery.

14

### THIRD AFFIRMATIVE DEFENSE

15

#### (Statute of Limitations)

16      Defendant alleges that the Complaint, and each and every cause of action therein, is

17   barred by the applicable statutes of limitations, including sections 337, 337.2, 338(a), 339,

18   and 343 of the California Code of Civil Procedure, as well as section 17208 of the California

19   Business and Professions Code.

20

### FOURTH AFFIRMATIVE DEFENSE

21

#### (Unclean Hands)

22      As a defense to the Complaint, and each and every cause of action therein, Defendant

23   is informed and believes, and based thereon alleges, that Defendant acted with unclean hands

24   in and about the matters alleged in the Complaint and is therefore barred from any recovery

25   sought by way of the Complaint.

26   / / /

27   / / /

28   / / /

{2536160.DOC;}                                    2              Answer of Defendant Motorola Mobility, LLC
                                                                          to Plaintiff's Complaint

1
2
3
4
5

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIFTH AFFIRMATIVE DEFENSE

(Privilege/Justification)

As a defense to the Complaint, and each and every cause of action therein, Defendant alleges that Plaintiff's claims are barred because Defendant's conduct was privileged or justified.

SIXTH AFFIRMATIVE DEFENSE

(Comparative Fault)

As a defense to the Complaint, and each and every cause of action therein, Defendant alleges that Plaintiff's damages, if any, the existence of which Defendant denies, should be diminished by Plaintiff's comparative fault as a result of his acts and conduct in and about the matters that are the subject of the Complaint.

SEVENTH AFFIRMATIVE DEFENSE

(Third-Party Conduct as Superseding Cause)

Defendant alleges that Plaintiff's damages, if any, were proximately caused by negligent, reckless, or intentional acts of third parties, as to whom Defendant has neither the right, duty, nor opportunity to exercise control, and who acted without the knowledge, participation, or ratification of Defendant.

EIGHTH AFFIRMATIVE DEFENSE

(Consent)

As a defense to the Complaint, and each and every cause of action therein, Defendant alleges Plaintiff's claims are barred due to Plaintiff's consent, express or implied, to Defendant's conduct in the matters upon which the Complaint is based.

NINTH AFFIRMATIVE DEFENSE

(Ratification)

As a defense to the Complaint, and each and every cause of action therein, Defendant alleges Plaintiff's claims are barred as a result of Plaintiff's ratification of Defendant's conduct in the matters upon which the Complaint is based.

///

weintraub tobin chediak coleman grodin
LAW CORPORATION

{2536160.DOC;}

3

Answer of Defendant Motorola Mobility, LLC
to Plaintiff's Complaint

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Estoppel)

3    As a defense to the Complaint, and each and every cause of action alleged therein,

4    Defendant alleges that Plaintiff is estopped from recovering from Defendant based on Plaintiff's

5    conduct in connection with the matters that are the subject of the Complaint.

6

## ELEVENTH AFFIRMATIVE DEFENSE

7

### (Laches)

8    As a defense to the Complaint, and each and every cause of action alleged herein,

9    Defendant alleges that the doctrine of laches bars all recovery sought by way of the Complaint

10   because Plaintiff unreasonably delayed in filing the Complaint.

11

## TWELFTH AFFIRMATIVE DEFENSE

12

### (First Amendment)

13   As a defense to the Complaint, and each and every cause of action therein, Defendant

14   alleges that Defendant's conduct alleged in the complaint is protected by the First Amendment

15   to the United States Constitution, which guarantees freedom of speech and expression.

16

## THIRTEENTH AFFIRMATIVE DEFENSE

17

### (Damages Unavailable)

18   As a defense to the Complaint, and each and every cause of action therein, Defendant

19   alleges that Plaintiff's damages, if any, the existence of which Defendant denies, are limited to

20   economic damages by, among other things, the economic loss rule and the rule barring

21   punitive or exemplary damages in breach of contract claims.  (*Walker v. Signal Companies,*

22   *Inc.* (1978) 84 Cal.App.3d 982, 995; Cal Civ. Code § 3294.)

23

## FOURTEENTH AFFIRMATIVE DEFENSE

24

### (Waiver)

25   As a defense to the Complaint, and each and every cause of action therein, Defendant

26   alleges that Plaintiff waived and voluntarily relinquished the rights he seeks to enforce in the

27   Complaint.

28   ///

weintraub tobin chediak coleman grodin
LAW CORPORATION

{2536160.DOC;}                                    4                    Answer of Defendant Motorola Mobility, LLC
                                                                                                  to Plaintiff's Complaint

| | |
|---|---|
| 1 | FIFTEENTH AFFIRMATIVE DEFENSE |
| 2 | (Set Off) |
| 3 | As a defense to the Complaint, and each and every cause of action therein, Defendant |
| 4 | alleges that Plaintiff's recovery, if any, should be set off by damages incurred by Defendant as |
| 5 | a result of Plaintiff's conduct. |
| 6 | SIXTEENTH AFFIRMATIVE DEFENSE |
| 7 | (Discharge of Duty) |
| 8 | As a defense to the Complaint, and each and every cause of action therein, Defendant |
| 9 | alleges that Plaintiff's claims are barred because to the extent Defendant owed any duty to |
| 10 | Plaintiff, the existence of any such duty is denied, said duty was discharged. |
| 11 | SEVENTEENTH AFFIRMATIVE DEFENSE |
| 12 | (Exemption) |
| 13 | As a defense to the Complaint, and each and every cause of action therein, Defendant |
| 14 | alleges that Plaintiff's claims are barred by the public affairs exemption in California Civil Code |
| 15 | section 3344(d). |
| 16 | EIGHTEENTH AFFIRMATIVE DEFENSE |
| 17 | (Right to Amend) |
| 18 | Defendant reserves the right to assert additional affirmative defenses as such acts |
| 19 | become know that justify the application of additional affirmative defenses in this action. |
| 20 | / / / |
| 21 | / / / |
| 22 | / / / |
| 23 | / / / |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

**weintraub tobin** chediak coleman grodin
LAW CORPORATION

{2536160.DOC;}                    5                    Answer of Defendant Motorola Mobility, LLC
to Plaintiff's Complaint

1

# PRAYER FOR RELIEF

2   WHEREFORE, Defendant prays for judgment as follows:

3       1.    that Plaintiff take nothing from Defendant by way of the Complaint;

4       2.    that Defendant be awarded attorneys' fees and costs of suit incurred herein; and

5       3.    for such other and further relief as the Court deems just and proper.

6

7   Dated: January 3, 2019               Respectfully submitted,

8                            **WEINTRAUB TOBIN** CHEDIAK COLEMAN GRODIN

9                            Law Corporation

10

11                         By:

12                           Dale C. Campbell
                            State Bar No. 99173

13                           Attorneys for Defendant Motorola Mobility, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

weintraub tobin chediak coleman grodin
LAW CORPORATION

*Andrew Roach v. Motorola Mobility, LLC*
Los Angeles County Superior Court Case No. 18STCV02506

## PROOF OF SERVICE

I am a citizen of the United States, employed in the City and County of Sacramento, California. My business address is 400 Capitol Mall, 11th Floor, Sacramento, California 95814. I am over the age of 18 years and not a party to, nor interested in, the within action. On this date, I caused to be served the following:

### Answer of Defendant Motorola Mobility to Plaintiff's Complaint

__XX__    United States mail by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice whereby the mail is deposited in a United States mailbox after the close of the day's business.

_____    By personally delivering, or causing to be delivered, a true copy thereof to the persons at the addresses set forth below.

_____    Via Golden State Overnight, for delivery next business morning

_____    Via facsimile

Neville L. Johnson                                Attorneys for Plaintiff
Douglas L. Johnson                                 Andrew Roach
Ronald P. Funnell
Arun Dayalan
JOHNSON & JOHNSON LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Facsimile: 310.975.1095

Bassil A. Hamideh                                 Attorneys for Plaintiff
THE HAMIDEH FIRM, P.C.                         Andrew Roach
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Facsimile: 310.733.5699

I declare under penalty of perjury that the foregoing is true and correct.

Executed 3 January 2019, at Sacramento, California.

Elizabeth Netemeyer Sears

weintraub tobin chediak coleman grodin
LAW CORPORATION

*Andrew Roach v. Motorola Mobility, LLC*
Los Angeles County Superior Court Case No. 18STCV02506

## PROOF OF SERVICE

I am a citizen of the United States, employed in the City and County of Sacramento, California. My business address is 400 Capitol Mall, 11th Floor, Sacramento, California 95814. I am over the age of 18 years and not a party to, nor interested in, the within action. On this date, I caused to be served the following:

### Notice of Removal

XX — United States mail by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice whereby the mail is deposited in a United States mailbox after the close of the day's business.

_____ By personally delivering, or causing to be delivered, a true copy thereof to the persons at the addresses set forth below.

_____ Via Golden State Overnight, for delivery next business morning

_____ Via facsimile

| | |
|---|---|
| Neville L. Johnson | Attorneys for Plaintiff |
| Ronald P. Funnell | Andrew Roach |
| Arun Dayalan | |
| JOHNSON & JOHNSON LLP | |
| 439 North Canon Drive, Suite 200 | |
| Beverly Hills, California 90210 | |
| Telephone: (310) 975-1080 | |
| Facsimile: (310) 975-1095 | |

| | |
|---|---|
| Bassil A. Hamideh | Attorneys for Plaintiff |
| THE HAMIDEH FIRM, P.C. | Andrew Roach |
| 1801 Century Park East, Suite 2400 | |
| Los Angeles, California 90067 | |
| Telephone: (310) 556-9687 | |
| Facsimile: (310) 733-5699 | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed 8 February 2019, at Sacramento, California.

/s/ Elizabeth Netemeyer Sears
Elizabeth Netemeyer Sears

weintraub tobin chediak coleman grodin
LAW CORPORATION

{2566362.DOC;}                    4                    Notice of Removal